**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re: | : |
| | : |
| GRAHAM T. WILKINSON, | : Case No. 24-1-8102-LSS |
| | : Chapter 13 |
| Debtor. | : |
| | : |

**TRUSTEE'S OBJECTION TO DEBTOR'S**
**CHAPTER 13 PLAN FILED SEPTEMBER 26, 2024**

Timothy P. Branigan, Chapter 13 trustee in the above-captioned case ("Trustee"), pursuant to section 1325 of the Bankruptcy Code and Bankruptcy Rule 3015(f) objects to confirmation of the Debtor's Chapter 13 plan filed September 26, 2024 (the "Plan"). In support of his opposition, the Trustee respectfully represents the following:

1. The Debtor commenced this case under Chapter 13 on September 26, 2024. The Plan proposes to pay $800.00 monthly for 60 months for a gross funding of $48,000.00.

2. The Debtor has failed to make the payments proposed under the Plan. At this time, one payment is due in the total amount of $800.00. The Trustee has received $0.00. Accordingly, the Debtor has not demonstrated that the Plan is feasible, and the Plan does not satisfy the requirement of section 1325(a)(6) of the Bankruptcy Code.

3. The Debtor has failed to provide documentation supporting all income listed on Schedule I as requested by the Trustee at the meeting of creditors. Accordingly, the Trustee cannot determine whether the Plan is feasible. The Plan does not satisfy the requirements of section 1325(a)(6) of the Bankruptcy Code. At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

- 2 -

4.  The Debtor has failed to provide his Maryland driver's license, bank statements as of the petition date, and amend Schedules I and J as requested by the Trustee.  At this time, the Debtor has failed to fully cooperate with the Trustee as required under section 521(a)(3) of the Bankruptcy Code.

5.  The plan is underfunded due to the secured claim owed to the Internal Revenue Service in the amount of $8,300.00 at 8%.

6.  Accordingly, the Plan should not be confirmed.

**PLEASE TAKE NOTICE** THAT *THIS OBJECTION MUST BE RESOLVED <u>AT LEAST 2 BUSINESS DAYS PRIOR TO THE CONFIRMATION HEARING</u>*.  AFTER THAT TIME, THE TRUSTEE MAY DECLINE TO ACCEPT MATERIALS THAT HE HAS REQUESTED FROM THE DEBTORS.  THE TRUSTEE MAY DECLINE TO DISCUSS THE CASE AT THE CONFIRMATION HEARING.  THE DEBTORS SHOULD EXPECT THAT ANY UNRESOLVED OBJECTION WILL BE HEARD BY THE COURT.

    Respectfully submitted,

November 19, 2024

/s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)
Chapter 13 Trustee
9891 Broken Land Parkway, #301
Columbia, Maryland 21046
(410) 290-9120

**Certificate of Service**

      I hereby certify that the following persons are to be served electronically via the CM/ECF system:

Victor Palmeiro, Esq.

I caused a copy of the pleading above to be sent on November 19, 2024 by first-class U.S. mail, postage prepaid to:

Graham T. Wilkinson
4900 Mooland Lane #636
Bethesda, MD  20816

          /s/ Timothy P. Branigan
Timothy P. Branigan (Fed. Bar No. 06295)